IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lena M. Osgood, | ) | C.A. No. 2:08-3386-DCN-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Lena M. Osgood, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3) (2003)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

### ADMINISTRATIVE PROCEEDINGS

On April 29, 2004, the plaintiff filed applications for disability insurance benefits and supplemental security income benefits alleging that she became unable to work on December 26, 2003, due to chronic asthma, back, hip, and knee problems, acid

1

reflux, hypertension, and panic attacks. The applications were denied initially and on reconsideration by the Social Security Administration. On April 8, 2005, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney considered the case de novo, and on September 6, 2006, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on July 29, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision. (20 C.F.R. §§ 404.1520(b), 416.920(b) (2009)).
>
> 3. The claimant has the following severe combination of impairments: hypertension, asthma, depression, and low back pain (20 C.F.R. §§ 404.1520(c), 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).

2

> 5. After careful consideration of the entire
> record, the undersigned finds that the
> claimant has the residual functional capacity
> for light work. Specifically, the claimant
> is able to stand, and/or walk 6 hours in an
> eight-hour workday, lift and/or carry 20
> pounds occasionally and 10 pounds frequently,
> and perform all postural activities. . . .
> 6. The claimant is capable of performing
> past relevant work as a desk clerk and
> housekeeping supervisor. This work does not
> require the performance of work-related
> activities precluded by the claimant's
> residual functional capacity 20 C.F.R. §§
> 404.1565, 416.965). . . .
>
> 7. The claimant has not been under a
> "disability," as defined in the Social
> Security Act, from December 26, 2003 through
> the date of this decision 20 C.F.R. §§
> 404.1520(f), 416.920(f)).

Tr. 19-21.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The

3

court's scope of review is specific and narrow. It does not conduct a <u>de novo</u> review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); <u>Hall v. Harris</u>, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determination must be upheld if supported by substantial evidence and proper legal standards were applied. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986).

## QUESTIONS PRESENTED AND DISCUSSION

I. Did The administrative law judge explain his findings regarding the plaintiff's residual functional capacity (RFC), as required by the Social Security Ruling 96-8p.1?

> A. Did The administrative law judge explain why the plaintiff's severe impairments of depression and asthma did not cause the plaintiff to have nonexertional impairments?

The plaintiff asserts the administrative law judge's RFC findings are not compatible with his findings that the plaintiff suffers from severe impairments. In accordance with SSR 96-3p, an impairment is considered severe if it "significantly limits an individual's physical or mental abilities to do basic work activities." SSR 96-3p further provides that "an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities."

Here, the administrative law judge considered and explained that the plaintiff only had mild limitations to her daily activities, social functioning, and concentration, all of which may have been the result of asthma and depression. While these impairments are appropriately classified as "severe," the administrative law judge evaluated examples of these limitations were not sufficient nonexertional impairments to be cause the plaintiff to be considered disabled within the meaning of the Social Security Act.

5

The administrative law judge considered that Dr. Patrick Jordan of Comprehensive Family Care stated that the plaintiff's depression was stable in July 2004 (Tr. 111). Moreover, the judge noted that Dr. Gaston Perez of Global Family Medicine who also diagnosed depression reported, in September of 2004, that the claimant had good memory, adequate attention/concentration, intact thought process, and appropriate thought content (Tr. 148). Dr. Perez also noted no limitations in function caused by the plaintiff's mental condition and did not recommend any psychiatric care (Tr. 148). The administrative law judge also relied on the report of Dr. Michael K. Mikkelson which noted that the claimant had no shortness of breath and the plaintiff's asthma problem was under control (Tr. 155). The administrative law judge further considered that Dr. Samai Supan stated that all of the plaintiff's conditions were being treated with medicines and no complications were noted (Tr. 175). In addition, the administrative law judge noted the plaintiff was not undergoing any mental health treatment and none had been recommended.

Based on this evidence, the administrative law judge concluded that the plaintiff had no nonexertional impairments that were significantly limiting impairments due to depression and asthma, and there is substantial evidence to support the judge's decision.

B. Are the RFC findings explained well enough to be supported by substantial evidence in the hearing decision?

SSR 96-8p states that in assessing RFC, nonexertional capacity, such as limitations resulting from mental impairment, "must be expressed in terms of work-related functions." Regarding mental impairments, SSR 96-8p states that "[w]ork-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgement in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." Id.

As noted above, the administrative law judge explained that the available medical evidence established that the plaintiff had only mild limitations to her daily activities, social functioning, and concentration. (Tr. 148). The administrative law judge concluded that these impairments were insufficient to be considered significantly limiting nonexertional limitations within the meaning of the Social Security Act.

The judge heard evidence that the plaintiff's depression and asthma were also stable and her thought process and content were appropriate (Tr. 148). The administrative law judge considered Dr. Michael K. Mikkelson's finding that the claimant had no shortness of breath and the plaintiff's asthma problem was under

7

control (Tr. 155). There is no evidence that these impairments limited the plaintiff's ability to perform her past relevant work as a desk clerk as it is performed in the national economy, and it can not be said that the administrative law judge failed follow in reaching or explaining that conclusion.

> II. Did the administrative law judge fail to perform an analysis of the plaintiff's ability to perform her past relevant work that complies with the requirements of SSR 82-62, 20 C.F.R. § 404.1520, and Fourth Circuit precedent?

Social Security Ruling 82-62 sets forth in detail what is required of an administrative law judge in finding that a claimant can return to past relevant work. In part, SSR 82-62 states:

> Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

8

The administrative law judge in this case considered work reports completed by the plaintiff regarding her past relevant work and the physical and mental requirements of such jobs. However, the judge failed to discuss any medical evidence of impairments related to the plaintiff's ability to meet the physical and mental requirements of the plaintiff's past relevant work, as required by Social Security Ruling 82-62. Accordingly his decision is deficient in that regard and cannot be reviewed adequately by the court.

> B. Did the administrative law judge fail to consider the plaintiff's testimony as to the "past work requirements that can no longer be met and the reason(s) for his or her inability to meet those requirements."

Here, the administrative law judge considered the plaintiff's past work requirements that she alleges she can no longer meet. The judge considered the plaintiff's most recent employment as a desk clerk. As a desk clerk, the plaintiff was required to spend much of her time sitting down and no lifting of any significant weight. She also spent much of her time doing paperwork, typing on a computer, answering the telephone, and supervising others. It is clear beyond cavil that he considered Thus, the administrative law judge determined the plaintiff's complaints and the nature of her past relevant work. Also he concluded that she could perform the past relevant work

9

as a desk clerk because it was within her RFC of light work.[1]
What is missing however is the connection between the medically
determinable impairments and the RFC determination as noted
above.

> III.  Did the administrative law judge fail to
> correctly assess the plaintiff's credibility?

Specific findings are necessary if a claimant's testimony
is to be found not credible. Smith v. Heckler, 782 F.2d 1176
(4th Cir. 1986); Hammond v. Heckler, 765 F.2d 723 (4th Cir.
1985); Smith v. Schweiker, 719 F.2d 723 (4th Cir. 1984);
DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983); Combs v.
Weinberger, 501 F.2d 1361 (4th Cir. 1974). If credibility
determinations are based on improper or irrational criteria,
they cannot be sustained. Breeden v. Weinberger, 493 F.2d 1002
(4th Cir. 1974). Credibility determinations must refer
specifically to the evidence forming the administrative law
judge's conclusion. The duty of explanation is always an
important part of the administrative charge. 898 F.2d 21 (4th
Cir. 1989).

---

[1] However, with reference to the plaintiff's past relevant
work as a housekeeping supervisor, the administrative law judge
failed to consider that the plaintiff stated in her Disability
Report, Form SSA-3368, that she lifted up to fifty pounds and
lifted forty pounds frequently. This is significantly greater
weight than what the administrative law judge stated she would be
able to lift according to her RFC of light work.

10

Here, the administrative law judge relied on the fact that exams and x-rays of the plaintiff did not disclose any significant findings in making his credibility findings. He also considered that the plaintiff is taking medicine for depression, but emphasized that she has not sought any medical treatment for her depression, nor has any been recommended to her. However, Plaintiff has a consistent more than thirty-year work history (Tr. 44-45), and the administrative law judge did not consider this even though both SSR 96-7p and the regulations require the administrative law judge consider a person's "prior work record and efforts to work" when evaluating credibility.

**CONCLUSION**

The administrative law judge sufficiently considered and explained why he did not consider the plaintiff's depression and asthma to be nonexertional impairments and there is substantial evidence to support that decision. However, the administrative law judge failed to evaluate the effect of the plaintiff's impairments on her ability to perform past relevant work. Likewise, the administrative law judge failed to consider the plaintiff's "prior work record and efforts to work" in his evaluation of plaintiff's credibility.

Accordingly, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's

decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case remanded to the Commissioner to perform a complete evaluation of the plaintiff's credibility and the relationship of her impairments to past relevant work. See, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991).

> Respectfully Submitted,
>
> Robert S. Carr
> United States Magistrate Judge

Charleston, South Carolina

September 15, 2009